IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| LONNIE DAVIS, et al | § | |
|     Plaintiff(s) | § | |
| | § | |
| | § | |
| VS. | § | ADVERSARY NO. 06-7016 |
| | § | |
| | § | |
| RETAIL FINANCE COMPANY OF | § | |
| TEXAS, INC., et al. | § | |
|     Defendant(s) | § | |

### **MEMORANDUM OPINION AND ORDER**

On September 19, 2006, this Court heard arguments on pending motions concerning whether this Court should retain, remand or transfer this adversary proceeding. The debtor, Mrs Massoud, filed chapter 11 bankruptcy on April 24, 2001, in the Northern District of Texas. Her plan was confirmed on February 6, 2002, and she received a chapter 11 discharge pursuant to 11 U.S.C. § 1146.

The Plaintiffs in this adversary proceeding were aware of Mrs. Massoud's bankruptcy case and the discharge she was granted. Indeed, they sought to obtain an exception to her discharge pursuant to § 523. The bankruptcy court denied the Plaintiffs' attempt to obtain the exception.

When this Court held an initial hearing in this matter, it required the Plaintiffs to seek to file an amended complaint. When they did so, the Plaintiffs again named Mrs. Massoud as a defendant, but attempted to limit her status as a defendant by stating she was being sued "in her agency capacity." [docket #31]. When queried by the Court, the Plaintiffs could offer no meaningful explanation for what relief they were attempting to obtain. The Plaintiffs have sued the entities for which Mrs. Massoud is allegedly an agent. The Plaintiffs were not precluded by the discharge from identifying Mrs. Massoud or her role in the fraudulent conduct they allege. However, when they filed their proposed amended complaint, they steadfastly chose to leave Mrs. Massoud as a named defendant. The Court can only conclude the Plaintiffs continue to name Mrs. Massoud for the sole purpose of harassment. Such conduct will not be tolerated. Under Rule 9011, the Plaintiffs were certifying their petition was not "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed. R.

Bankr. P. 9011(b)(1). Mrs. Massoud has been discharged. The Plaintiffs have offered no cogent explanation for continuing to name her as a defendant.

When Mrs. Massoud was sued in state court, she filed a counterclaim against the Plaintiffs for their violation of the discharge injunction. It is this counterclaim, Defendants allege, which creates subject matter jurisdiction in this Court. The violation of the discharge injunction is patent. However, subject matter jurisdiction over the Plaintiffs' petition is determined by the well-plead complaint rule. *Holmes Group Inc. v. Vornado air Circulation*, 535 U.S. 826, 829-30 (2002). "The well-pleaded-complaint rule has long governed whether a case "arises under" federal law. . . ." *Id.* This rule provides that whether a case arises under federal law "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration . . . ." *Id.* (quoting *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 808, 809 (1988)). When the plaintiff's complaint does not itself create federal jurisdiction, the court should not consult the defendant's answer to determine if the case "arises under" federal law. *Holmes*, 535 U.S. at 831. Therefore, "a counterclaim which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for "arising under" jurisdiction." *Id.* (citing *In re Adams,* 809 F.2d 1187, 1188 & n.1 (5th Cir. 1987)). The Plaintiffs' complaint before this Court does not itself "arise under" federal law. Accordingly, this Court must remand the state law claims as having been improperly removed.

With respect to the counterclaim, this Court has subject matter jurisdiction. The discharge injunction created under 11 U.S.C. § 524 is a Congressionally imposed injunction. It is not a case specific injunction issued by a Court based on the traditional factors considered for the issuance of an injunction. The Plaintiffs, however, allege because this Court did not issue the injunction, this Court lacks jurisdiction over Mrs. Massoud's counterclaim. [docket #44]. Plaintiffs cite *Waffenschmidt* for the premise that "[e]nforcement of an injunction through a contempt proceeding must occur in the issuing jurisdiction because contempt is an affront to the court issuing the order." *Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985). Plaintiff's allegation, however, is misplaced. The enforcement of the injunction in *Waffenschmidt* refers to an injunction crafted for a specific case. The Defendant's counterclaim falls under a statutorily created injunction. With an individually crafted injunction, "the judge's insights and thought processes may be of particular significance," which may mandate enforcement only by the issuing court. *Bessette v. Avco Fin. Services Inc.*, 230 F.3d 439, 446 (1st Cir. 2000). However, when an injunction is statutorily created rather than individually created, "few of [these] practical reasons for confining contempt proceedings to the issuing tribunal apply. . . ." *Id.* Therefore, the authority to enforce the injunction does not remain only with the issuing court. *Id*. Since the discharge injunction is a statutory injunction, this Court has subject matter jurisdiction over Mrs. Massoud's counterclaim.

Nevertheless, the parties have agreed that judicial economy and comity command this Court to transfer the venue of this proceeding to the Northern District of Texas. This Court agrees. Accordingly, it is ordered that:

1. This adversary proceeding is bifurcated.

2. The plaintiff's original petition and any answer thereto is remanded to the 229th Judicial District Court of Starr County, Texas.

3. The counterclaim is transferred to the United States Bankruptcy Court for the Northern District of Texas.

Signed at Houston, Texas, on September 27, 2006.

MARVIN ISGUR
United States Bankruptcy Judge